UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:21-CR-35-REW-HAI |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| KEVIN EVANS, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

After conducting Rule 11 proceedings, Judge Ingram recommended that the undersigned accept Defendant Kevin Evans's guilty plea and adjudge him guilty of Count Three of the Indictment (DE 1). *See* DE 31 (Report and Recommendation); *see also* DE 29 (Plea Agreement). Judge Ingram expressly informed Evans of his right to object to the recommendation to secure de novo review. *See* DE 31 at 3. The established, three-day objection deadline has passed, and no party has objected.

Judge Ingram continued Evans on bond, subject to later orders of the Court.

Turning to the other terms of the Recommendation, the Court is not required to "review . . . a magistrate[ judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate[ judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal.'") (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996) (quote brackets simplified)); *United States v. Olano*, 133 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); FED. R. CRIM. P. 59(b)(2)-(3) (limiting de novo review duty to "any objection" filed); 28 U.S.C. § 636(b)(1)

(limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

The Court thus, without objections and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 31, **ACCEPTS** Evans's guilty plea, and **ADJUDGES** him guilty of Count Three of the Indictment (DE 1);

2. The Court **CANCELS** the jury trial in this matter; and

3. The Court will issue a separate order on bond status and sentencing order.

This the 10th day of February, 2022.

Signed By:
Robert E. Wier  *REW*
United States District Judge